**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THOMAS J. MASSONE, as President and on behalf of the UNITED STATES COURT SECURITY OFFICERS UNION, INCLUDING ITS INDIVIDUAL MEMBERS,<br><br>        Plaintiffs,<br><br>        v.<br><br>DONALD W. WASHINGTON, Director, United States Marshals Service and CENTERRA GROUP, LLC, JOHN DOES 1-5,<br><br>        Defendants. | No. 20 Civ. 7906 (LJL) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT DONALD W. WASHINGTON'S MOTION TO DISMISS

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendants
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2691

ALLISON M. ROVNER
Assistant United States Attorney
- Of Counsel -

**Table of Contents**

PRELIMINARY STATEMENT ....................................................................................................1

BACKGROUND .......................................................................................................................4

I.  Procedural Background...........................................................................................4

II.  Massone's Second Amended Complaint ..............................................................4

ARGUMENT ............................................................................................................................7

I.  Legal Standards for Motions to Dismiss................................................................7

II.  The Court Should Dismiss Massone's Claims......................................................8

    A.  Massone Does Not Have Standing to Bring His Claims .........................8

        1.  Massone Does Not Have Organizational Standing..............................9

        2.  Massone Does Not Have Representative Standing.........................11

    B.  Massone Has Not Alleged Any Legally Cognizable Claims ................13

        1.  Massone's First and Fourteenth Amendment Claim Fails.............13

        2.  Massone's "42 U.S.C. § 1983 Conspiracy" Claim Fails ................15

        3.  Massone's "Imminent and Substantial Endangerment" Claim Fails..............16

        4.  Massone's New York State Labor Law § 740 Claim Fails ............17

        5.  Massone's OSHA Claims Fail ........................................................18

        6.  Massone's Public Nuisance Claim Fails........................................18

CONCLUSION...........................................................................................................................19

## Table of Authorities

*Cases:*

*Aguilar v. Immigration & Customs Enf't Div.*,
  811 F. Supp. 2d 803 (S.D.N.Y. 2011) .................................................................... 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................... 8, 14, 15

*Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
  968 F.2d 196 (2d Cir. 1992) ................................................................................ 8

*Augustus v. AHRC Nassau*,
  976 F. Supp. 2d 375 (E.D.N.Y. 2013) .............................................................. 18

*Augustus v. AHRC Nassau*,
  596 F. App'x 41 (2d Cir. 2015) ........................................................................ 18

*Aurecchione v. Schoolman Transp. Sys., Inc.*,
  426 F.3d 635 (2d Cir. 2005) ............................................................................... 7

*Bano v. Union Carbide Corp.*,
  361 F.3d 696 (2d Cir. 2004) ...................................................................... 11, 12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................ 8, 14, 16

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
  403 U.S. 388 (1971) .......................................................................................... 2, 15

*Bordell v. Gen. Elec. Co.*,
  164 A.D.2d 497 (N.Y. App. Div. 3d Dep't 1990) ............................................ 17

*Brod v. Omya, Inc.*,
  653 F.3d 156 (2d Cir. 2011) ............................................................................. 17

*Bush v. Lucas*,
  462 U.S. 367 (1983) .......................................................................................... 15

*Cantor Fitzgerald Inc. v. Lutnick*,
  313 F.3d 704 (2d Cir. 2002) ........................................................................ 8, 14

*Chodos v. Federal Bureau of Investigation*,
  559 F. Supp. 69 (S.D.N.Y. 1982) ..................................................................... 16

*Chodos v. Federal Bureau of Investigation*,
  697 F.2d 289 (2d. Cir.1982) ............................................................................. 16

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ...................................................................................... 8, 10

*Conn. Parents Union v. Russell-Tucker*,
  8 F.4th 167 (2d Cir. Aug. 11, 2021) ............................................................ 9, 10

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) ............................................................................... 19

*Davila v. Gutierrez,*
  330 F. Supp. 3d 925 (S.D.N.Y. 2018)........................................................... 15

*De Jesus v. Sears, Roebuck & Co., Inc.,*
  87 F.3d 65 (2d Cir. 1996)............................................................................ 14

*Donovan v. Occupational Safety & Health Review Comm'n,*
  713 F.2d 918 (2d Cir. 1983)........................................................................ 18

*Dwares v. New York,*
  985 F.2d 94 (2d Cir. 1993).......................................................................... 16

*Equal Vote Am. Corp. v. Cong.,*
  397 F. Supp. 3d 503 (S.D.N.Y. 2019)......................................................... 10

*First Nationwide Bank v. Gelt Funding Corp.,*
  27 F.3d 763 (2d Cir. 1994)............................................................................ 8

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,*
  528 U.S. 167 (2000) ...................................................................................... 9

*Havens Realty Corp. v. Coleman,*
  455 U.S. 363 (1982) .................................................................................... 10

*Hunt v. Wash. State Apple Advert. Comm'n,*
  432 U.S. 333 (1977) ............................................................................... 4, 11

*Hurley v. Ithaca City Sch. Dist. - Bd. of Educ.,*
  No. 20 Civ. 0328, 2020 WL 1937561 (N.D.N.Y. Apr. 22, 2020) ............. 17

*Irish Lesbian & Gay Org. v. Giuliani,*
  143 F.3d 638 (2d Cir. 1998)........................................................................ 12

*John's Insulation, Inc. v. Siska Const. Co.,*
  774 F. Supp. 156 (S.D.N.Y. 1991).............................................................. 16

*Jones v. Nat'l Commc'n & Surveillance Networks,*
  409 F. Supp. 2d 456 (S.D.N.Y. 2006)......................................................... 16

*Jones v. Nat'l Commc'n & Surveillance Networks,*
  266 F. App'x 31 (2d Cir. 2008) ................................................................... 16

*Keene Corp. v. United States,*
  700 F.2d 836 (2d Cir.1983)......................................................................... 14

*King v. Simpson,*
  189 F.3d 284 (2d Cir. 1999)........................................................................ 14

*Kingsley v. Bureau of Prisons,*
  937 F.2d 26 (2d Cir. 1991).......................................................................... 15

*Legal Aid Soc'y v. City of New York,*
  114 F. Supp. 2d 204 (S.D.N.Y. 2000)......................................................... 12

*Lockwood v. Fed. Bureau of Prisons,*
  No. 13 Civ. 8104, 2015 WL 4461597 .......................................................... 15

*Lowell v. Lyft, Inc.,*
  352 F. Supp. 3d 248 (S.D.N.Y. 2018)......................................................... 12

iii

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ................................................................................ 7, 9, 10
*Massone v. United State Dep't of Justice*,
  No. 18 Civ. 4908, 2020 WL 3000416 (S.D.N.Y. June 4, 2020) ................................. 5
*Mignogna v. Sair Aviation, Inc.*,
  937 F.2d 37 (2d Cir.1991) ................................................................................ 19
*Morpurgo v. City of New York*,
  423 F. Supp. 704 (S.D.N.Y. 1976) ..................................................................... 16
*Morrison v. Nat'l Australia Bank Ltd.*,
  547 F.3d 167 (2d Cir. 2008) ............................................................................... 7
*N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*,
  684 F.3d 286 (2d Cir. 2012) ............................................................................... 9
*Ostrer v. Aronwald*,
  567 F.2d 551 (2d Cir. 1977) ............................................................................. 16
*Reichle v. Howards*,
  566 U.S. 658 (2012) ...................................................................................... 15
*Robinson v. Overseas Military Sales Corp.*,
  21 F.3d 502 (2d Cir. 1994) .............................................................................. 14
*Rodriguez v. Winski*,
  444 F. Supp. 3d 488 (S.D.N.Y. 2020) ................................................................... 9
*Russo v. Glasser*,
  279 F. Supp. 2d 136 (D. Conn. 2003) .................................................................. 13
*Shipping Fin. Servs. Corp. v. Drakos*,
  140 F.3d 129 (2d Cir. 1998) ............................................................................... 8
*Sibley v. Jamestown Bd. of Pub. Utilities*,
  No. 11 Civ. 1043, 2013 WL 1337222 (W.D.N.Y. Mar. 29, 2013) .......................... 18
*Sommer v. Dixon*,
  709 F.2d 173 (2d Cir. 1983) ............................................................................. 16
*Spinale v. U.S. Dep't of Agric.*,
  621 F. Supp. 2d 112 (S.D.N.Y. 2009) ................................................................. 14
*Spinale v. U.S. Dep't of Agric.*,
  356 F. App'x 465 (2d Cir. 2009) ....................................................................... 14
*Warth v. Seldin*,
  422 U.S. 490 (1975) ............................................................................... 9, 11, 12
*Zherka v. Ryan*,
  52 F. Supp. 3d 571 (S.D.N.Y. 2014) ................................................................... 15

Statutes:

5 U.S.C. § 2302 ........................................................................................... 3, 17
28 U.S.C. § 2675 ............................................................................................. 19

28 U.S.C. § 1346 ................................................................................................................ 3, 18

28 U.S.C. § 1402 ................................................................................................................ 3, 18

28 U.S.C. § 2401 ................................................................................................................ 3, 18

28 U.S.C. §§ 2671-80 ........................................................................................................ 3, 18

34 U.S.C. § 10281 ................................................................................................................... 5

42 U.S.C. § 233 ...................................................................................................................... 19

42 U.S.C. § 1983 ............................................................................................................. passim

42 U.S.C. § 6902 .................................................................................................................... 17

42 U.S.C. § 6972 .................................................................................................................... 17

42 U.S.C. §§ 6901-92 ............................................................................................................ 17

N.Y. Lab. Law § 740 ............................................................................................................. 17

*Regulations:*

29 C.F.R. § 1910.132 ..................................................................................................... 6, 7, 18

Defendant Donald W. Washington ("Washington"), Director, United States Marshals Service ("USMS" or "the Government") respectfully submits this memorandum of law in support of his motion to dismiss Plaintiff Thomas J. Massone's ("Massone" or "Plaintiff") second amended complaint against him pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Massone filed this action in September 2020 as President of the United States Court Security Officers ("CSOs") Union ("the Union") and on behalf of CSOs against Washington and Centerra Group LLC ("Centerra," and collectively, "Defendants"), a private contractor that employs the CSOs that provide services to USMS. Massone vaguely alleges that Defendants have not provided sufficient sanitation and personal protective equipment ("PPE") in federal courthouses in light of COVID-19, and have infringed on the free speech and association of the CSOs by making "veiled threats of subjecting CSOs to possible disciplinary action" as a result of "Plaintiffs['] . . . objections to [] public health or safety concerns." Based on these allegations, Massone brings seven claims against Defendants, including a claim pursuant to the First and Fourteenth Amendments; a claim for "42 U.S.C. § 1983 conspiracy;" a claim for "imminent and substantial endangerment;" a claim alleging violation of New York State Labor Law § 740; two claims pursuant to the Occupational Safety and Health Administration ("OSHA") regulations; and one claim alleging a public nuisance. He initially sought only monetary damages.

In August 2021, the Court granted Defendants' motion to dismiss pursuant to Rule 12(b)(1) on the basis that Massone did not have standing to sue, and because the Court lacked jurisdiction, it did not address the merits of Defendants' remaining arguments. *See* ECF No. 40 ("Order") at 5. The Court concluded that Massone had not demonstrated organizational standing because he had not alleged facts supporting an inference that the Union itself, as opposed to the CSOs, suffered a

distinct injury. *Id.* at 7. The Court also concluded that Massone had not established representative standing because the requested relief would require the participation of the individual members of the Union. *Id.* at 9. In providing Massone the opportunity to amend his complaint, the Court specifically cautioned that merely including a request for prospective relief would be insufficient to establish standing. *Id.* at 10.

Failing to adhere to the Court's admonition, Massone's second amended complaint is essentially the same as his dismissed complaint, aside from adding a vague request for injunctive relief. With respect to representative standing, despite now asking that the allegedly offending conduct be enjoined, the alleged injuries to the CSOs remain the same and still require individualized proof and participation of individual members in the lawsuit. As for organizational standing, Massone continues to fail to allege a concrete, particularized, or imminent injury to the Union itself caused by the Government's conduct. Therefore, the Court should once again dismiss Massone's action against the Government in its entirety due to lack of standing.

If the Court were to find that Massone has standing, Massone's second amended complaint does nothing to correct his failure to state a claim against the Government upon which relief can be granted, and dismissal should be granted for this reason. First, Massone has failed to sufficiently plead First or Fourteenth Amendment claims against the Government. He cannot bring a Fourteenth Amendment claim against the federal government, and his First Amendment allegations are impermissibly vague and conclusory. Massone also cannot bring a constitutional claim for monetary damages against the Government because the Government has not waived sovereign immunity for such claims. Massone has not alleged a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to hold a federal official personally liable for his damages. Even if he had, such a claim would fail because *Bivens*

claims have not been recognized in the First Amendment context.  Second, Massone has failed to state a viable claim against the Government for "42 U.S.C. § 1983 Conspiracy" because actions pursuant § 1983 (or § 1985, the statutory provision that actually applies to conspiracies) cannot be brought against the federal government.

Third, Massone's "imminent and substantial endangerment" claim fails.  To the extent this claim is even decipherable, it appears to relate to a statute involving the management of solid and hazardous waste and thus has no relevance to this lawsuit.  The statute also specifies a number of prerequisites to bringing a federal court action—none of which Massone alleges he has met. Fourth, Massone cannot bring a claim against the Government pursuant to New York State Labor Law § 740, which prohibits *private* employers from taking certain retaliatory actions against employees.  Section 740 does not govern the conduct of the federal government because it does not apply to public employers, and the Federal Whistleblower Protection Act, 5 U.S.C. § 2302, would instead apply to the federal government's conduct.  Further, the CSOs are not employed by the Government.  Fifth, Massone's two OSHA claims are not cognizable because OSHA does not provide a private right of action.  Finally, Massone's public nuisance claim fails because the only vehicle through which he could even theoretically bring such a claim against the Government is through the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 1402, 2401, 2671-80, for money damages only.  Massone has not alleged an FTCA claim, and even if he had, he has failed to allege that he presented the claim to the relevant agency and exhausted his administrative remedies before filing a federal district court action.

Accordingly, the Court should dismiss Massone's second amended complaint against the Government.

## BACKGROUND

### I.  Procedural Background

Massone filed this action on September 24, 2020, ECF No. 1, and he amended his complaint on November 4, 2020, ECF No. 19.  Centerra filed a motion to dismiss on December 4, 2020.  ECF Nos. 26-27.  Washington filed a motion to dismiss on December 18, 2020.  ECF Nos. 31-32.

On August 30, 2021, the Court granted Defendants' motions to dismiss pursuant to Rule 12(b)(1) on the basis that Massone did not have standing to sue, and because the Court lacked jurisdiction, it did not address the merits of Defendants' remaining arguments pursuant to Rule 12(b)(6).  *See* ECF No. 40 ("Order") at 5.  The Court concluded that Massone had not demonstrated organizational standing because he has not alleged facts supporting an inference that the Union itself, as opposed to the CSOs, suffered a distinct injury.  *Id.* at 7.  The Court concluded that Massone also had not established representative standing because "both the fact and extent of injury would require individualized proof," and "the relief requested would require the participation of individual members in the lawsuit."  *Id.* at 9 (citing *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)) (internal quotation marks omitted).  In providing Massone the opportunity to amend his complaint, the Court cautioned that "merely amending the complaint to include a request for prospective relief would not necessarily create standing."  *Id.* at 10.

### II.  Massone's Second Amended Complaint

Massone filed his second amended complaint on October 8, 2021.  ECF No. 45 ("2nd Am. Compl.)  The allegations are essentially unchanged from the prior version of the complaint.  As in the prior complaint, Massone alleges that he is President of the CSO Union, which represents approximately 2,200 CSOs sworn in as Special Deputy United States Marshals throughout the

United States and its territories who ensure safety at federal courthouses.  2nd Am. Compl. ¶ 3.
The Union is involved in ensuring that its members are provided a safe work environment.  2nd
Am. Compl. ¶ 4.  The CSOs Massone represents in this action are employed by Centerra, a private
contractor.  2nd Am. Compl. ¶ 8.  Massone alleges that Washington "implemented the policies,
practices and customs of the USMS complained of herein."  2nd Am. Compl. ¶ 7.

Massone alleges that Defendants failed to provide a safe work environment by failing to
properly clean and sterilize the environment, and by failing to provide CSOs with suitable PPE.
2nd Am. Compl. ¶¶ 11, 27, 29-30, 33-34.  Massone provides no detail regarding these allegations.
He also asserts that "[a]s a result of Plaintiffs 'continuance [sic] to unwavering lawful public
objections to said public health or safety concerns, Defendant's [sic] infringed upon Plaintiffs
'protected [sic] speech and the association of the UNION by veiled threats of subjecting CSOs to
possible disciplinary action that could necessarily lead to suspension from employment and
possible termination from employment, with the goal of creating a chilling effect upon the UNION
to associate and/or effectuate their first Amendment right to protected speech."  2nd Am. Compl.
¶ 26.[1]

---

[1] Although giving short shrift to the factual allegations upon which the claims in his
amended complaint are based, Massone devotes seven lengthy paragraphs to discussing his belief
that the beneficiaries of a CSO based in Georgia who passed away from COVID-19 "may
ultimately (and unfairly)" be denied benefits under the Public Safety Officer Benefits Act ("PSOB
Act"), 34 U.S.C. § 10281, *et seq.*, because the CSO may not be considered a "public safety officer"
under the PSOB Act.  2nd Am. Compl. ¶¶ 13, 16-17, 19-24.  Massone does not bring a claim
relating to this allegation, and if he had, it would be unlikely to withstand a motion to dismiss.
Judge Karas recently dismissed an action brought by Massone that set forth a claim based on
similar allegations on the basis that Massone lacked standing; Judge Karas also stated that even if
Massone had standing it was likely that the Federal Circuit would have exclusive jurisdiction over
the claim.  *See Massone v. United State Dep't of Justice*, No. 18 Civ. 4908, 2020 WL 3000416, at
*4-7 & n.3 (S.D.N.Y. June 4, 2020).

The only allegation Massone adds to the second amended complaint relating to any injury allegedly sustained by the Union itself is as follows: "The UNION and/or UNION members, collectively and/or individually, will be irreparably harmed in the core mission of the UNION and its fundamental purpose to be able to zealously represent all UNION members in all matters regarding workplace health and safety issues, thereby eviscerating the trust of UNION members in the UNION if the Defendants are allowed to openly and notoriously disregard the UNION and the UNION members safety." 2nd Am. Compl. ¶ 18; *see also* 2nd Am. Compl. ¶ 15 (similar).

Massone brings seven claims. First, Massone alleges that Defendants deprived "Plaintiffs of their First and Fourteenth Amendment rights to free speech and freely associate with others" by subjecting them to "covert threats of disciplinary actions which could include suspension and possible termination of employment" in an effort to retaliate against them for their free speech and association relating to "COVID-19 safety and health concerns." 2nd Am. Compl. ¶¶ 35-37. Second, Massone brings a claim titled "42 U.S.C. § 1983 Conspiracy," alleging that Defendants conspired to deprive "Plaintiffs" of the rights asserted in the first claim. 2nd Am. Compl. ¶¶ 38-41. Third, Massone brings a claim titled "Imminent and Substantial Endangerment," which fails to cite any legal basis for the claim and asserts that Defendants have contributed to "unsafe conditions" within the federal court system so as to present "an imminent and substantial endangerment to the health and safety of Plaintiffs." 2nd Am. Compl. ¶¶ 42-44. Fourth, Massone asserts that Defendants violated New York State Labor Law § 740, which Massone explains is a whistleblower statute that prohibits "retaliatory personnel actions by employers against employees who disclose, object to, or refuse to participate in an unlawful activity, policy or practice of the employer that endangers public health or safety." 2nd Am. Compl. ¶¶ 45-48. Fifth, Massone alleges that Defendants violated an OSHA regulation, 29 C.F.R. § 1910.132(a), by failing to

provide suitable PPE.  2nd Am. Compl. ¶¶ 49-51.  Sixth, Massone alleges that Defendants violated another OSHA regulation, 29 C.F.R. § 1910.132(f), by failing to provide training regarding PPE. 2nd Am. Compl. ¶¶ 52-55.  Finally, Massone alleges that Defendants have created a public nuisance in the courthouse by failing to properly disinfect it.  2nd Am. Compl. ¶¶ 56-59.

Massone continues to seek $3 million in damages for his claims ($1 million in compensatory damages and $2 million in punitive damages).  2nd Am. Compl. ¶¶ 37, 41, 44; Prayer for Relief.  He has also added with respect to each claim except the fifth pertaining to OSHA a request that "the Court issue an Order enjoining Defendants from continuing its practices as complained of herein."  2nd Am. Compl. ¶¶ 37, 41, 44, 48, 55, 59.  In his Prayer for Relief, Massone requests that the Court enjoin Defendants from "refusing to properly clean/sterilize the working and common areas with the Federal Courthouse to ensure a safe working environment"; "refusing to provide adequate PPE to UNION members working within Federal Courthouses"; and "[p]rohibiting Defendants . . . from engaging in acts of intimidation upon UNION activities with an intent to chill the advocacy for safety measures to be provided by Defendants to UNION members."  Prayer for Relief.

## ARGUMENT

### I.  Legal Standards for Motions to Dismiss

To survive a motion to dismiss under Rule 12(b)(1), a plaintiff must establish the court's jurisdiction through sufficient allegations.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted).  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).  Although a court must "accept

as true all material factual allegations in the complaint," *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted), for purposes of assessing jurisdiction, it will not draw "argumentative inferences favorable to the party asserting jurisdiction," *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992).

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  That said, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (a court need not give "credence to [a] plaintiff's conclusory allegations"); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) ("conclusions of law or unwarranted deductions of fact" need not be accepted as true).  "A court can thus begin its analysis of the sufficiency of pleadings by 'identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Aguilar v. Immigration & Customs Enf't Div.*, 811 F. Supp. 2d 803, 807 (S.D.N.Y. 2011) (quoting *Iqbal*, 556 U.S. at 679).  If well-pleaded factual allegations exist, the court must then determine whether they plausibly give rise to an entitlement for relief. *Iqbal*, 556 U.S. at 679.

## II. The Court Should Dismiss Massone's Claims

### A.  Massone Does Not Have Standing to Bring His Claims

Standing is necessary for a plaintiff to establish the existence of an Article III case or controversy, and thus, to invoke the jurisdiction of the federal courts. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408-09 (2013).  The doctrine of standing requires a plaintiff to establish "a personal stake in the outcome of the controversy as to warrant his invocation of federal-court

jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (citation and internal quotation marks omitted). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 169, 185 (2000). An organization may assert two distinct types of standing: (1) organizational standing; and (2) associational, also known as representative, standing. *Rodriguez v. Winski*, 444 F. Supp. 3d 488, 492 (S.D.N.Y. 2020).

### 1. Massone Does Not Have Organizational Standing

Under the organizational standing theory, "an association may have standing in its own right to seek judicial relief from injury to itself and to vindicate whatever rights and immunities the association itself may enjoy." *Warth*, 422 U.S. at 511. For an organizational plaintiff to establish standing, "the organization itself must meet the same standing test that applies to individuals." *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012) (citation and internal quotation marks omitted). This test requires a plaintiff to establish three elements: (1) a concrete and particularized injury-in-fact, either actual or imminent; (2) a causal connection between the injury and defendants' challenged conduct, such that the injury is "fairly traceable to the challenged action of the defendant"; and (3) a likelihood that the injury suffered will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "It is the responsibility of the complainant to clearly allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *Warth*, 422 U.S. at 518.

"For an organization to have standing, it is not enough that the defendant allegedly has engaged in a wrong that affects each union member individually and equally." Order at 7. "The organization must suffer some distinctive injury *to itself*." *Id.* (citing *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 173 (2d Cir. 2021) ("An organization can satisfy the injury prong if

it shows that the challenged action did not merely harm its 'abstract social interests' but 'perceptibly impaired' its activities." (quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982))) & *Equal Vote Am. Corp. v. Cong.*, 397 F. Supp. 3d 503, 508-09 (S.D.N.Y. 2019) (holding that Equal Vote America did not have organizational standing because the organization itself was not injured, even though the challenged activity affected all its members)).

Massone has not alleged a sufficient injury to the Union to establish organizational standing.  In his second amended complaint, Massone vaguely alleges that "the UNION will be irreparably harmed in the core mission of the UNION and its fundamental purpose to be able to zealously represent all UNION members in all matters regarding workplace health and safety issues, thereby eviscerating the trust of UNION members in the UNION if the Defendants are allowed to openly and notoriously disregard the UNION and the UNION members safety."  2nd Am. Compl. ¶ 18; see also 2nd Am. Compl. ¶ 15.  Massone has once again failed to allege a distinct injury to the Union itself.  Instead, Massone's essentially repeats the same reasoning previously rejected by the Court as tautological—*i.e.*, "the union itself, rather than just its members, is injured because it represents those members and its members are injured, and therefore its representation of its members is injured"—and as failing to allege a distinct injury to the Union itself.  *See* Order at 7; *Conn. Parents Union*, 8 F.4th at 173 (alleged harm to organization's "abstract social interests" is insufficient).

This tautological assertion of an injury to the Union, including a vague threat of the potential to "eviscerate[e] trust" of Union members in the Union, is also not a sufficiently concrete, particularized, actual, or imminent injury to the Union itself.  *See Lujan*, 504 U.S. at 560 (the injury or threat of injury must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical'"); *Clapper*, 568 U.S. at 409 ("'Allegations of possible future injury' are not

sufficient.").  Further, Massone fails to allege facts supporting that the Government itself caused any injury to the Union.  Therefore, Massone has not alleged any facts sufficient to show organizational standing.

### 2.  Massone Does Not Have Representative Standing

To establish associational or representative standing, an organizational plaintiff must show that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

In *Warth*, the Supreme Court explained that "whether an association has standing to invoke the court's remedial powers on behalf of its members depends in substantial measure on the nature of the relief sought."  422 U.S. at 515.  The Court explained that when an organization brings an action for monetary damages it generally cannot satisfy the third prong of associational standing— *i.e.*, that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.  In the case at hand, the *Warth* Court observed that the organization lacked standing because "whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof."  422 U.S. at 515-16.  In *Bano v. Union Carbide Corp.*, 361 F.3d 696, 715 (2d Cir. 2004), the Second Circuit held that "[i]f the involvement of individual members of an association is necessary, either because the substantive nature of the claim or the form of the relief sought requires their participation, [there was] no sound reason to allow the organization standing to press their claims . . . ." It concluded that "[i]n such circumstances, the standing of an association is limited to bringing claims arising out of injuries that the organization, not simply its members, suffered." *Id.*

11

Courts within the Second Circuit have consistently declined to find associational standing when a plaintiff brings a claim on behalf of its members for money damages.  *See, e.g.*, *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 649 & 650 n.5 (2d Cir. 1998) (explaining why district court's determination that an association did not have standing to sue for monetary damages on behalf of its members was "obviously correct"); *Legal Aid Soc'y v. City of New York*, 114 F. Supp. 2d 204, 214 (S.D.N.Y. 2000) ("Pursuant to this third prong, however, no federal court has allowed an association standing to seek monetary relief on behalf of its members.") (citation and internal quotation marks omitted); *Lowell v. Lyft, Inc.*, 352 F. Supp. 3d 248, 257 (S.D.N.Y. 2018) ("A request for compensatory damages . . . requires the participation of a group's individual members.") (citing *Irish Lesbian & Gay Org.*).

For these reasons, and the reasons outlined by the Court in its Order granting Defendants' prior motions to dismiss, Massone does not have associational standing to bring his claim for money damages on behalf of the Union's members.  *See* Order at 9-10.  Even with respect to Massone's newly sought injunctive relief (2nd Am. Compl. ¶¶ ¶¶ 37, 41, 44, 48, 55, 59), the same deficiencies identified in the Court's Order remain.  As the Court previously concluded, "[a]ny injuries the CSOs suffered, whether suffered by CSOs who were exposed to or contracted COVID-19, or suffered by CSOs who were retaliated against or threatened by Defendants, is "peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof." Order at 9 (citing *Bano*, 361 F.3d at 715 (quoting *Warth*, 422 U.S. at 515-16)).  For this reason, the Court admonished "that merely amending the complaint to include a request for prospective relief would not necessarily create standing."  Order at 10-11 (quoting *Bano*, 361 F.3d at 714 ("This does not mean, however, that an association automatically satisfies the third prong of the *Hunt* test simply by requesting equitable relief rather than damages. The

organization lacks standing to assert claims of injunctive relief on behalf of its members where the fact and extent of the injury that gives rise to the claims for injunctive relief would require individualized proof, or where the relief requested would require the participation of individual members in the lawsuit.").  Massone has done exactly what the Court cautioned against, and accordingly, he has not established representative/associational standing.[2]

Accordingly, because Massone has failed to establish that he has standing, the Court should dismiss the second amended complaint against the Government pursuant to Rule 12(b)(1).

**B.  Massone Has Not Alleged Any Legally Cognizable Claims**

Even if the Court finds that Massone has standing to assert his claims, he has failed to state any claim upon which relief can be granted against the Government pursuant to Rule 12(b)(6).

**1.  Massone's First and Fourteenth Amendment Claim Fails**

First, Massone has failed to state a viable claim against the Government for allegedly depriving "Plaintiffs of their First and Fourteenth Amendment rights to free speech and freely associate with others" by making "covert threats" of disciplinary actions in an effort to deny their rights to free speech and representation relating to COVID-19 health and safety concerns.  2nd Am. Compl. ¶¶ 35-37; s*ee also, e.g.*, 2nd Am. Compl. ¶ 32 ("Upon information and belief, Defendant maintains a pattern, policy and/or practice, officially or unofficially, written or unwritten, designed to restrict, limit or deny the free association and protective speech of Plaintiffs amongst UNION members.").  As an initial matter, the Fourteenth Amendment is obviously not applicable to the Government.  *See, e.g.*, *Russo v. Glasser*, 279 F. Supp. 2d 136, 142 (D. Conn. 2003) (Fourteenth Amendment applies only to state action, not federal action, and therefore the

---

[2] Even if this were not the case, for the reasons explained above, Massone has not established that the Union's CSOs could sue in their own right (the first prong) because he has failed allege a concrete and imminent injury to the CSOs caused by the Government's conduct.

Fourteenth Amendment cannot provide a basis for an action alleging constitutional violations against federal agents acting under color of federal law).  Further, Massone's vague and conclusory allegations with respect to an alleged First Amendment violation by the Government are insufficient to state a claim under the First Amendment—be it for injunctive relief or money damages.  *See, e.g.*, *Iqbal*, 556 U.S. 662, 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  (citing *Twombly*, 550 U.S. at 555); *Cantor Fitzgerald Inc.*, 313 F.3d 704, 709 (2d Cir. 2002) (a court need not give "credence to [a] plaintiff's conclusory allegations"); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir. 1996) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Further, Massone cannot bring a constitutional claim for monetary damages against the Government or federal employees acting in their official capacities because the Government has not waived its sovereign immunity for constitutional claims seeking damages.  *See, e.g.*, *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 120 (S.D.N.Y. 2009) ("[C]onstitutional claims for damages brought against the United States are 'routinely dismissed for lack of subject matter jurisdiction' on the grounds of sovereign immunity.") (quoting *Keene Corp. v. United States*, 700 F.2d 836, 845 n.13 (2d Cir.1983)), *aff'd by* 356 F. App'x 465 (2d Cir. 2009); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (affirming dismissal of constitutional damages claims against federal employees in their official capacity on the basis of sovereign immunity); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999) ("[I]f in fact [plaintiff] seeks to assert his damages claim against [defendant government official] not in [the official's] individual capacity but only in his official capacity, then sovereign immunity likely would bar [plaintiff's] lawsuit because a suit against a federal employee in his official capacity is a suit against the

14

government and Congress has not waived the government's sovereign immunity."); *Lockwood v. Fed. Bureau of Prisons,* No. 13 Civ. 8104, 2015 WL 4461597, at *2 n. 8 (S.D.N.Y. July 21, 2015) ("The United States has not waived its sovereign immunity concerning constitutional claims seeking damages.").

Massone has not alleged in his second amended complaint that he brings his constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and thus seeks to hold a federal official personally liable for damages.  Even if he had, such a claim would fail.  *Bivens* claims have not been recognized in the First Amendment context.  *See, e.g.*, *Iqbal*, 556 U.S. at 675 ("[W]e have declined to extend *Bivens* to a claim sounding in the First Amendment."); *Bush v. Lucas*, 462 U.S. 367, 368, 378 n.14, 386-90 (1983) (declining to create a *Bivens* remedy for an alleged First Amendment retaliation violation arising in the context of federal employment); *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012) ("We have never held that *Bivens* extends to First Amendment claims."); *Zherka v. Ryan*, 52 F. Supp. 3d 571, 579 (S.D.N.Y. 2014) ("[T]he Second Circuit has not recognized a *Bivens* action sounding in the First Amendment."); *Davila v. Gutierrez*, 330 F. Supp. 3d 925, 939 (S.D.N.Y. 2018) ("[D]istrict courts seem to be in agreement that there is no *Bivens* remedy available for violations of the First Amendment.") (collecting cases).  Therefore, Massone's constitutional claim fails.

### 2. Massone's "42 U.S.C. § 1983 Conspiracy" Claim Fails

Second, Massone has failed to state a cognizable claim against the Government for "42 U.S.C. § 1983 Conspiracy" for allegedly conspiring to deprive "Plaintiffs" of the rights asserted in their First Amendment claim.  2nd Am. Compl. ¶¶ 38-41.  Actions pursuant to § 1983 (or § 1985, the provision that actually applies to conspiracies) cannot be brought against the federal government or its officers.  *See, e.g.*, *Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.4 (2d Cir.

15

1991) ("As the district court found, a prerequisite for relief under § 1983, which concerns the deprivation of rights, privileges, and immunities secured by the Constitution and federal laws, is that the defendant acted under color of state law. An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers.") (citations omitted); *Chodos v. Federal Bureau of Investigation,* 559 F. Supp. 69, 72 (S.D.N.Y. 1982) ("An action brought pursuant to 42 U.S.C. § 1983 cannot lie against federal officers."), *aff'd by* 697 F.2d 289 (2d. Cir.1982); *John's Insulation, Inc. v. Siska Const. Co.,* 774 F. Supp. 156, 161 (S.D.N.Y. 1991) ("Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983."); *Morpurgo v. Bd. of Higher Ed. in City of New York,* 423 F. Supp. 704, 714 (S.D.N.Y. 1976) (federal government cannot be sued under § 1983 or § 1985); *Jones v. Nat'l Commc'n & Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006) ("The U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42."), *aff'd by* 266 F. App'x 31 (2d Cir. 2008).[3] Therefore, Massone cannot bring a claim against the Government for a "§ 1983 conspiracy."

### 3. Massone's "Imminent and Substantial Endangerment" Claim Fails

Third, Massone's "Imminent and Substantial Endangerment" claim also fails to state a claim upon which he could possibly be awarded relief. 2nd Am. Compl. ¶¶ 42-44. Massone fails to specify any legal basis whatsoever for this claim and therefore fails to give the Government "fair notice" regarding the claim. *See Twombly*, 550 U.S. at 555. It appears that the only legal

---

[3] Massone's vague allegations of conspiracy are also insufficiently pleaded to survive a motion to dismiss. *See, e.g.*, *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir. 1977) ("diffuse and expansive allegations [of conspiracy] are insufficient"); *Dwares v. New York,* 985 F.2d 94, 100 (2d Cir. 1993) (complaint should plead "details of time and place and the alleged effect of the conspiracy").

basis for this claim could be under the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. §§ 6901-92 (1976).  *See Brod v. Omya, Inc.*, 653 F.3d 156, 158 (2d Cir. 2011).  However, the RCRA is an environmental statute that governs the treatment, storage, and disposal of solid and hazardous waste, and therefore has no applicability to this action.  *See Brod*, 653 F.3d at 164; 42 U.S.C. § 6902(b).  Although in some circumstances the RCRA provides a private individual with a means to commence an action relating to RCRA's waste disposal mandates, it specifies a number of prerequisites to bringing suit that Massone has not alleged that he met.  *See Brod*, 653 F.3d at 164-65 & 165 n.4; 42 U.S.C. § 6972.  Therefore, Massone's claim for "imminent and substantial endangerment" is not cognizable.

### 4.  Massone's New York State Labor Law § 740 Claim Fails

Fourth, Massone cannot assert a claim against the Government pursuant to New York State Labor Law § 740.  2nd Am. Compl. ¶¶ 45-48.  This state law prohibits employers from taking retaliatory personnel action against an employee because an employee disclosed or threatened to disclose to a supervisor or public body, or refused to participate in, an activity, policy, or practice of the employer that violated the law and presented a substantial and specific danger to the public health or safety.  N.Y. Lab. Law § 740(2).  As an initial matter, the Federal Whistleblower Protection Act of 1989, 5 U.S.C. § 2302, rather than a state whistleblower law would apply to the federal government's action with respect to federal employees.  *See, e.g.*, *Hurley v. Ithaca City Sch. Dist. - Bd. of Educ.*, No. 20 Civ. 0328, 2020 WL 1937561, at *5 (N.D.N.Y. Apr. 22, 2020) (Federal Whistleblower Protection Act applies to federal government and federal employees); *Bordell v. Gen. Elec. Co.*, 164 A.D.2d 497, 500 (N.Y. App. Div. 3d Dep't 1990) (N.Y. Lab. Law § 740 does not regulate the federal government).  Further, § 740 regulates only private employers—it does not regulate public employers.  *See Bordell*, 164 A.D.2d at 500 (§ 740 applies

to private employers); *Sibley v. Jamestown Bd. of Pub. Utilities*, No. 11 Civ. 1043, 2013 WL 1337222, at *8 (W.D.N.Y. Mar. 29, 2013) ("Section 740 of the New York State Labor Law does not apply to public employers.") (collecting cases).  Moreover, the CSOs are not even employed by the Government.  *See* 2nd Am. Compl. ¶ 9.  Therefore, § 740 is wholly inapplicable to the Government.

### 5.   Massone's OSHA Claims Fail

Fifth, Massone's two claims brought pursuant to OSHA, regarding PPE and training for PPE, are also not viable.  2nd Am. Compl. ¶¶ 49-55; 29 C.F.R. § 1910.132(a) & (f).  OSHA provides no private right of action.  *See, e.g.*, *Donovan v. Occupational Safety & Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."); *Augustus v. AHRC Nassau*, 976 F. Supp. 2d 375, 400 n.42 (E.D.N.Y. 2013) (in context of a "[p]laintiff alleg[ing] retaliation under OSHA arising from her advocacy for heightened workplace safety measures for clients," stating: "OSHA provides no private right of action."), *aff'd by* 596 F. App'x 41 (2d Cir. 2015).  Accordingly, Massone has stated no viable claim pursuant to OSHA.

### 6.   Massone's Public Nuisance Claim Fails

Finally, Massone's claim against the Government relating to a public nuisance due to the alleged failure to properly disinfect the courthouse also must be dismissed.  2nd Am. Compl. ¶¶ 56-59.  Massone does not explain the vehicle through which he asserts this apparent New York state law claim against the federal government.  The only way in which he could even conceivably allege such a claim against the Government is through the FTCA (which could only be for money damages), 28 U.S.C. §§ 1346, 1402, 2401, 2671-80, and only if the claim were based on allegedly negligent conduct (and the Government would reserve the right to move to dismiss any such

claim).  However, there is no indication that Massone presented an FTCA claim to the relevant agency or exhausted his administrative remedies, as required by the FTCA before bringing a federal court action.  *See* 28 U.S.C. § 2675(a) (an FTCA claim can only be brought in federal court if "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency").  Massone also failed to bring a claim against the United States, the only proper party to an FTCA claim.  *See* 42 U.S.C. § 233(a); *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000); *Mignogna v. Sair Aviation, Inc.,* 937 F.2d 37, 40 (2d Cir.1991).  Therefore, Massone's public nuisance claim also fails.

Accordingly, Massone has failed to state any claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Court should grant the Government's motion and dismiss the amended complaint against it.

Dated: New York, New York
       October 29, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant Washington

By:     /s/ *Allison M. Rovner*
        ALLISON M. ROVNER
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (212) 637-2691
        Facsimile: (212) 637-2750
        E-mail: allison.rovner@usdoj.gov